**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**
**CASE NO.**

MICHAEL BENI,

       Plaintiff,

v.

       **JURY TRIAL DEMANDED**

EXPERIAN INFORMATION SOLUTIONS,
INC.,

       Defendant.

## COMPLAINT

Plaintiff, Michael Beni ("Plaintiff"), by counsel, hereby files his Complaint ("Complaint") against Defendant Experian Information Solutions, Inc. ("Defendant") as follows:

## INTRODUCTION

1. This is an action for actual, statutory, and punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA").

2. Plaintiff is the victim of identity theft as the result of a fraudster's unauthorized use of some of his personal identifiable information ("PII") to access and use his credit card account with Barclays Bank bearing the account number ending in 6123 ("Account"). The fraudster ran up over $9,000.00 in charges and fees on the Account that were not authorized by Plaintiff. Barclays Bank reported the false and inaccurate charges on the Account to Defendant, one of the national credit bureaus, to be included in Plaintiff's credit file maintained by Defendant.

3. Plaintiff is a "consumer" and Defendant is a consumer reporting agency as those terms are defined or used by the FCRA.

4.      As set forth below, Plaintiff disputed the fraudulent and inaccurate charges on the Account with Defendant.  Defendant then failed to conduct reasonable investigation(s) of Plaintiff's credit reporting dispute(s) and verified the fraudulent and inaccurate charges on the Account as accurate.  Defendant's actions, or inactions, violated the FCRA.

5.      As set forth below, Plaintiff suffered concrete harm because of Defendant's violations of the FCRA.

## PARTIES, JURISDICTION, AND VENUE

6.      At all times material to this action, Plaintiff was a resident of the State of Florida and this Judicial District.

7.      At all times material to this action, Defendant was a foreign limited liability company.

8.      Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

9.      The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

10.      Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

11.      Defendant does business in this District and Division and is subject to the jurisdiction of this Court.

12.      Plaintiff lives and works in this District.  He did not incur the false and inaccurate charges on the Account.  He did not authorize anyone to make the subject charges.  He does not know who made the subject charges.  He has not benefited from the subject charges.  He is not liable for the subject charges on the Account in any way whatsoever and they are the result of fraud.

13.     Barclays Bank reported the Account, including the fraud charges at issue, to Defendant to be included in Plaintiff's Experian credit file. Defendant  included the false and inaccurate charges on the Account in Plaintiff's credit file.  The fraudulent charges on the Account were the result of fraud and were not accurate.

14.     Within the two years preceding the filing of this Complaint, when Plaintiff learned that Defendant was reporting the fraudulent charges on the Account in his credit reports, he made disputes with it and advised it that he did not make the fraudulent charges on the Account and that they were the result of fraud.

15.     Plaintiff obtained a police report wherein he reported that he did not make the charges on the Account.  He provided the police report to Defendant.  He also obtained an FTC fraud affidavit concerning the fraud charges and provided it to Defendant.

16.     Upon information and belief, Defendant only contacted Barclays Bank in its investigation of the disputes of the Account.  Defendant did not conduct a reasonable investigation of Plaintiff's disputes.

17.     Defendant violated the FCRA in its handling of Plaintiff's disputes.

18.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of emotional distress from knowing that Defendant was reporting the false and inaccurate information about him in his Experian credit report and refusing to correct this inaccurate information; stress from having an inaccurate Experian credit report; loss of sleep; and the time and effort to review his Experian credit reports and make disputes concerning the Account.

19.     Defendant's conduct was willful, reckless, and grossly negligent.

**COUNT ONE:**
**Defendant's Violations of the FCRA**

20.     At all times relevant hereto, Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

21.     At all times relevant hereto, Defendant was a consumer reporting agency subject to the FCRA.

22.     Defendant violated Sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies pursuant to 15 U.S.C. § 1681i(a).  Defendant did not undertake reasonable investigations of Plaintiff's disputes concerning the Account and did not consider all relevant information provided with such disputes.

23.     Defendant conduct was a direct and proximate cause, as well as a substantial factor, in causing the damages and harm to Plaintiff described in Paragraph 18 above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

**TRIAL BY JURY IS DEMANDED.**

Plaintiff requests a jury trial on all claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the judgment be entered in his favor and against Defendant for his actual damages, punitive damages, statutory damages, attorneys' fees and costs, and all other relief deemed just, equitable, and proper by the Court.

Dated: June 25, 2026.                              Respectfully submitted,


                                                   */s/ Seth M. Lehrman*
                                                   Seth M. Lehrman
                                                   Florida Bar No. 132896

4

**LEHRMAN LAW**
622 Banyan Trail, Suite 200
Boca Raton, Florida 33431
Telephone: 754-778-9660
seth@lehrmanlaw.com

John A. Love
Florida Bar No. 0067224
**LOVE CONSUMER LAW**
2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
Telephone: 404-855-3600
tlove@loveconsumerlaw.com

*Counsel for Plaintiff*